# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 672 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Saunders vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendants' motion for summary judgment (23-1) as to Counts I, II, and VI and denying the motion as to Counts IV and V. Pretrial order will be due by 3/2/04; and response to any motions in limine by 3/16/04. Pretrial conference set for 4/2/04 at 4:00 p.m. and trial set for 4/12/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | **Document Number** |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | FEB 03 2004 date docketed | 35 |
| / | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/2/04 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONE SAUNDERS, )
 )
      Plaintiff, )
 )
v. )
 ) No. 02 C 672
CITY OF CHICAGO, CHICAGO POLICE )
DEPARTMENT, OFFICER ROONEY, OFFICER )
FERRARO, AND 4 UNKNOWN OFFICERS, )
 )
      Defendants. )

DOCKETED
FEB 0 3 2004

## MEMORANDUM OPINION AND ORDER

On January 28, 2001, Super Bowl Sunday, plaintiff Tyrone Saunders was at his girlfriend's home at 1508 North Leamington in Chicago. His girlfriend, Kenyatta Smith, had given birth to the couple's second set of twins by Cesarean section six days earlier. Mr. Saunders and Ms. Smith began arguing over Mr. Saunders' intention to watch the game at a party at his cousin's house. Ms. Smith slapped Mr. Saunders, and Mr. Saunders, who is six feet tall and weighs over 300 pounds, hit her back, creating a red mark on the side of her face. Soon afterwards, defendant police officers Ferraro and Rooney arrived at the house and asked if there was a problem. The red mark on Ms. Smith's face was still visible. Mr. Saunders and Ms. Smith denied that there was a problem, and Mr. Saunders said that he was leaving. Officer Ferraro put his hands out to keep Mr. Saunders from leaving. Ms. Smith told the officers that she just wanted Mr. Saunders to leave. Officer Ferraro informed Mr. Saunders that he was under arrest for domestic

35

battery. Mr. Saunders began arguing with Officer Ferraro, insisting that he be arrested outside rather than in the house, in front of his young daughter. Officer Ferraro drew his gun and pointed it at Mr. Saunders. Mr. Saunders began screaming at Officer Ferraro not to kill him in front of his kids over a domestic dispute. Officer Ferraro re-holstered the gun. At that point, additional police officers brandishing nightsticks and flashlights entered the house and told Mr. Saunders that he was under arrest. Frightened, Mr. Saunders began backing up into the dining room and then the hallway, where the officers sprayed him with mace. Mr. Saunders ran into the bathroom and closed the door, kneeling by the bathtub and protecting his head in anticipation of a beating. Officers hit him with sticks and stepped on his leg numerous times, fracturing his ankle. Mr. Saunders was handcuffed, but the blows continued. As he was being moved into a transport vehicle, Mr. Saunders told Officer Ferraro that if the handcuffs were removed, "we could get down" in a one-on-one fight. After several hours in jail, Mr. Saunders received medical treatment for his broken ankle.

Later that day, a police officer had Ms. Smith sign a blank complaint alleging domestic battery, which formed part of the state's domestic violence charge against Mr. Saunders. This charge was later dropped, but Mr. Saunders went to trial on counts of battery on a police officer and resisting arrest. A jury acquitted him of battery on a police officer and convicted him of resisting

2

arrest.

Mr. Saunders filed suit in this court against Officers Ferraro and Rooney, and four unnamed officers, alleging false arrest in violation of 42 U.S.C. § 1983 (Count I), false imprisonment in violation of § 1983 (Count II), assault (Count IV), battery (Count V), and intentional infliction of emotional distress (Count VI).[1] The defendants move for summary judgement in their favor on all counts.

On a motion for summary judgment, I evaluate admissible evidence in the light most favorable to the non-moving party, *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002), and grant the motion only if there is no genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001).

If the defendants had probable cause to arrest Mr. Saunders, then no cause of action for wrongful arrest or imprisonment under § 1983 will lie. *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990). Here, no reasonable jury could find that probable cause did not exist at the time of the arrest. The officers had received a 911 call stating that domestic battery was occurring at Ms. Smith's home. Ms. Smith testified in her deposition that Mr. Saunders hit her and that swelling and redness were visible on her face when the

---

[1] The complaint never included a Count III. The suit originally named the City of Chicago and the Chicago Police Department in a Count VII, which has been voluntarily dismissed.

3

police officers entered the home. Therefore, the defendants' motion for summary judgment is GRANTED as to Counts I and II.

Counts IV and V, which allege claims of assault and battery under § 1983, survive summary judgment. There is a genuine issue of material fact as to whether the officers used excessive force against Mr. Saunders in violation of his civil rights.

Count VI, alleging intentional infliction of emotional distress, cannot survive summary judgment. The elements of this tort are (1) extreme and outrageous conduct, (2) intent by the defendant to cause emotional distress, and (3) severe or extreme emotional distress on the part of the plaintiff due to the defendant's conduct. *Debolt v. Mut. of Omaha*, 371 N.E.2d 373, 375 (Ill. App. Ct. 1978). In his statement of facts opposing summary judgment, Mr. Saunders does not even allege that he suffered emotional distress. He fails to point to any admissible evidence to support the allegation that he suffered severe or extreme emotional distress as a result of the defendants' actions. The defendants' motion for summary judgment on Count VI is GRANTED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: February 2, 2004

4