# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 672 | **DATE** | 6/9/2004 |
| **CASE TITLE** | Tyrone Saunders vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Motion in limine (#39) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | |
| Notified counsel by telephone. | JUN 10 2004 date docketed |
| ✓ Docketing to mail notices. | |
| Mail AO 450 form. | docketing deputy initials |
| Copy to judge/magistrate judge. | |
| | date mailed notice |
| JD | courtroom deputy's initials |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 52

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JUN 1 0 2004

TYRONE SAUNDERS, )
)
      Plaintiff, )
)
v. )
) No. 02 C 672
CITY OF CHICAGO, CHICAGO POLICE )
DEPARTMENT, OFFICER ROONEY, OFFICER )
FERRARO, AND 4 UNKNOWN OFFICERS, )
)
      Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Saunders moves to exclude evidence of his three prior felony convictions and of his misdemeanor conviction for resisting arrest in the incident at issue in this case. As a general rule, felony convictions less than ten years old are admissible to impeach the credibility of a witness, such as Mr. Saunders. FED. R. EVID. 609(a)(1). Mr. Saunders argues that his three convictions should nonetheless be excluded because they are more prejudicial than probative. However, he does not cite any cases supporting his argument that the prejudice resulting from the admission of the conviction substantially outweighs their probative value; such convictions are routinely admitted to impeach. *See Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994) (Castillo, J.).

The central issue in this case is whether the defendant officers used excessive or reasonable force in arresting Mr. Saunders. Mr. Saunders' actions and resistance during the incident

go directly to the heart of this issue. His misdemeanor conviction for resisting arrest is admissible as *prima facie* evidence of the facts on which the conviction was based. *Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994) (holding, on very similar facts, that a district court properly admitted evidence of plaintiff arrestee's conviction for resisting arrest in civil case against defendant officers for use of excessive force). Thus, plaintiff's motion *in limine* is DENIED in its entirety.

Defendant Officers Joseph Ferraro and Eugene Rooney have filed twenty-five brief motions *in limine* seeking to bar evidence.

1. Defendants' motion to bar reference to defense counsel as "assistant corporation counsel" or as city employees in order to avoid the improper inference that a judgment against the defendants might be paid out of the city's "deep pockets" is GRANTED. *Walker v. Saenz*, No. 91-C3669, 1992 U.S. Dist. LEXIS 16454, at *11 (N.D. Ill. Oct. 27, 1992) (Williams, J.).

2. Defendants' motion to bar mention of the city's possible indemnification of the defendants is likewise GRANTED. This information is not probative on any issue in the case-in-chief, and may only be admitted with a limiting instruction if defendants' finances become relevant to the calculation of punitive damages. *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) (Denlow, J.).

3. Defendants' motion to bar any argument that the jury should "send a message" to or punish the city and its officers with its verdict is DENIED. The defendants correctly point out that a local entity such as the city cannot be made to pay punitive damages. 745 ILL. COMP. STAT. 10/2-102 (2004). However, they fail to show why a jury could not "send a message" to the city by requiring it to pay actual damages. Furthermore, the cited law does not state that punitive damages may not be assessed against police officers.

4. Defendants' motion to bar any testimony that challenges Mr. Saunders' arrest and prosecution or testimony that the arrest caused physical or mental distress is DENIED; this motion is vague and overly broad. The lawfulness of the arrest itself has already been decided, and it may not be questioned; the surviving claims in this matter are excessive force and assault and battery. However, testimony as to conditions surrounding the contested arrest will be permitted to the extent that it is probative on these issues.

5. Defendants' motion to bar mention of the disposition of the battery charge against Mr. Saunders is DENIED. While the disposition of the charge is not relevant to whether the defendants used excessive force, if the battery charge is mentioned, the disposition must be included in order to prevent the jury from assuming that Mr. Saunders was found guilty. *Townsend*, 287 F. Supp. 2d at 874-75.

6. Defendants' motion to bar testimony as to excessive force or assault committed by officers other than the defendants on Mr. Saunders is DENIED as overly broad. Such testimony, if it provides context for the actions of the defendants, may be permitted with a limiting instruction that Mr. Saunders may only seek recovery for injuries caused by the defendants. *Id.* at 875.

7, 8. Defendants' motions to bar evidence that Mr. Saunders suffered permanent injury or will need future medical treatment are GRANTED.

9. Defendants' motion to bar evidence of any medical treatment or medical bill is GRANTED. Defendants argue that the motion is justified because Mr. Saunders failed to respond to an interrogatory seeking such information. Mr. Saunders does not deny that this information is in his possession, and he offers no explanation for his failure to produce it during discovery.

10. Defendants' motion to bar evidence relating to any loss of income as a result of defendants' conduct is GRANTED. Mr. Saunders claims that he lost three months of wages, totaling $5400. However, he cannot link those lost wages to the allegedly improper actions of the defendants. He was jailed for several weeks pursuant to his lawful arrest, not because of any excessive force the officers may have used. Nor can he argue that he lost wages due to injuries inflicted by the defendants; such an argument would require the

testimony of a medical expert that the defendants' actions were causally related to his inability to work.

11, 12. Defendants' motion to bar any mention of the investigation by the Office of Professional Standards regarding the disputed incident is GRANTED to the extent that the investigation may only be mentioned if necessary for impeachment or rebuttal. Similarly, defendants' motion to bar evidence that the defendants breached Chicago Police Department regulations or directives is GRANTED except where necessary for impeachment or rebuttal. The issue in this case is whether the defendants violated Mr. Saunders' rights, not whether they violated standards of professional conduct. *Walker*, 1992 U.S. Dist. LEXIS 16454, at *11-12; *Charles*, 867 F. Supp. At 664.

13. Defendants' motion to bar any implication that the city of Chicago failed to train, monitor or discipline its officers is GRANTED as unopposed.

14. Defendants' motion to bar any testimony or evidence relating to the payment of attorney's fees incurred during Mr. Saunders' criminal court proceedings is GRANTED. Those costs resulted from the lawful arrest, not from the alleged excessive force or assault and battery. Thus, they may not properly be considered as damages in this case.

15. Defendants' motion to bar plaintiff from questioning any police officer witnesses regarding the Fraternal Order of Police

disclaimer included in reports used in internal investigations and to redact said disclaimer from any exhibits which may contain it is GRANTED. *Basile v. Ondrato*, No. 02-C3795, 2003 U.S. Dist. LEXIS 22396, at *5-6 (N.D. Ill. Dec. 11, 2003) (Kocoras, J.). The disclaimer, which states that the officer is making the statement upon the order of a superior, is essentially boilerplate and discussion of it will serve only as a distraction from the relevant information that may appear in the reports. This ruling does not bar the introduction of the reports themselves.

16. Defendants' motion to bar reference to any duty, failure to act, or standard of care other than the standard defined in the jury instructions for the claims alleged in this case is GRANTED with the same exceptions as motion 12, which appears to address the same issue.

17. Defendants' motion to bar reference to any claims other than excessive force, assault, or battery is DENIED as overly broad. Such references are permissible to the extent that they provide context for the claims still at issue; the jury will be instructed to decide only those claims.

18. Defendants' motion to bar any reference to prior instances of alleged misconduct by Officers Ferraro and Rooney is DENIED as overly broad. Such evidence may be admitted in conformity with Rule 404(b); it is inadmissible to show that the officers repeated prior bad conduct during the incident in question, but may be admitted to

show intent, absence of mistake, etc. However, any such proposed evidence must be set forth in a written proffer prior to trial.

19. Defendants' motion to bar testimony that police officers in general or these officers in particular conspire to cover up one another's bad acts through a "code of silence" is DENIED as overly broad. The plaintiff may explore the possibility that the defense witnesses in this case are biased because of loyalty to one another.

20. Defendants' motion to bar testimony as to settlement attempts is GRANTED as unopposed.

21. Defendants' motion to bar testimony that defendants' alleged actions were racially motivated is DENIED without prejudice.

22. Defendants' motion to bar testimony or evidence suggesting that defendants or other police officers conspired to falsify police reports or to give false testimony is DENIED. Defendants argue that Mr. Saunders should not be permitted to pursue this theory because he did not file a § 1983 conspiracy claim. However, the existence of a conspiracy to falsify reports or give false testimony is relevant to the claims in this case because it affects the weight the jury may choose to give to such reports or testimony.

23. Defendants' motion to bar testimony or evidence regarding other cases of police misconduct or the absence of a videotape of the contested incident is GRANTED. Mr. Saunders argues that such

7

evidence will help the jury decide how badly punitive damages are needed in order to deter similar conduct by other police officers. This evidence is marginally probative at best, and it is highly inflammatory and prejudicial.

24, 25. Defendants' motions to exclude non-party witnesses from the courtroom during testimony and to bar Mr. Saunders from calling any witness or introducing any exhibits not listed in the final pretrial order are GRANTED as unopposed.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 9, 2004