UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE SAUNDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 672 |
| | ) |
| OFFICER EUGENE ROONEY, | ) Judge John Corbett O'Meara |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER DENYING DEFENDANT ROONEY'S
JULY 9, 2004 MOTION FOR JUDGMENT; DENYING DEFENDANTS ROONEY
AND FERRARO'S JULY 21, 2004 MOTION TO STRIKE PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS; AND GRANTING IN PART PLAINTIFF'S
JULY 2, 2004 MOTIONS FOR ATTORNEY FEES AND BILL OF COSTS**

This matter came before the court on plaintiff Tyrone Saunders' July 2, 2004 motions for attorney fees and for bill of costs; defendant Eugene Rooney's July 9, 2004 motion for judgment; and defendants Eugene Rooney and Joseph Ferraro's July 21, 2004 motion to strike Plaintiff's July 2, 2004 motions for fees and costs. Responses were filed, and the court heard oral argument on the motions November 22, 2004.

Plaintiff Tyrone Saunders filed a complaint against the City of Chicago and six of its police officers pursuant to 42 U.S.C. § 1983, alleging damages of $500,000 on each of five claims against the individual officers and $500,000 in compensatory damages and $2,300,000 in punitive damages on a single claim against the City of Chicago. After Plaintiff voluntarily dismissed his claim against the City of Chicago, the court granted Defendants summary judgment on another three claims. The remainder of the case was tried over the course of three days against defendants Rooney and Ferraro. The jury returned a verdict for Plaintiff on a single claim

of excessive force against Officer Rooney and awarded Plaintiff $500. Plaintiff seeks $90,230.25 in attorney's fees and $3,571.95 in costs.

## LAW AND ANALYSIS

In actions brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party prevails in an action in which he or she obtains some relief on the merits of a claim; however, when a plaintiff's victory is *de minimus*, "the only reasonable fee is usually no fee at all." Farrar v. Hobby, 506 U.S. 103, 115 (1992).

Ordinarily, a district court must determine the amount of a "reasonable attorney's fee" using the lodestar method, in which the court figures each attorney's reasonable hourly rate and the number of hours reasonably expended on the litigation and then multiplies the results and adjusts the overall product based on twelve factors. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, in cases in which a plaintiff's recovery is low enough in relation to his demand, "the judge may jettison the lodestar apparatus and choose an appropriate fee using other means." Cole v. Wodziak, 169 F.3d 486, 487-88 (7th Cir. 1999) (affirming fee award three times the plaintiffs' recovery where plaintiffs recovered only $4,500 after demanding $50,000).

To determine whether a plaintiff's victory is *de minimus*, district courts in the Seventh Circuit must consider the following three factors: 1) the difference between the judgment recovered and the recovery sought, 2) the significance of the legal issue on which the plaintiff prevailed, and 3) the public purpose of the litigation." Simpson v. Sheahan, 104 F.3d 998, 1001 (7th Cir. 1997)(citing Farrar).

2

In this case Plaintiff's complaint sought in excess of $500,000 in compensatory damages against six police officers in five separate counts, plus an additional $500,000 in compensatory damages and $2,300,000 in punitive damages against the City of Chicago, bringing Plaintiff's initial total demand to $6,300,000. Plaintiff's final settlement demand before trial was $50,000. Defendants' Ex. C. Plaintiff Saunders' $500 verdict represents a fraction of a percentage of his original demand and one percent of the damages he sought prior to trial, an enormous disparity between the recovery sought and the recovery obtained.

The second factor considers the significance of the legal issue on which the plaintiff prevailed, requiring the court to assess the number and significance of the claims won compared to the claims lost. See Farrar, 506 U.S. at 121. In this case Plaintiff's complaint alleged six counts against eight defendants, yet he prevailed on only one count of excessive force against one defendant officer in the amount of only $500. Because the significance of the claim won by Plaintiff was minimal, the second factor supports the denial of fees.

The third factor requires the court to determine whether the plaintiff's "victory vindicated important rights and deterred future violations." Maul v. Contan, 23 F.3d 143, 146 (7th Cir. 1994). Plaintiff's $500 jury verdict will have minimal deterrent value, and the litigation served no public purpose. In all likelihood, the verdict represents a compromise with a dissenting juror to achieve unanimity rather than a clear statement that the jury believed Officer Rooney should pay for his wrongdoing. The lack of punitive damages and the low amount of the award serve to minimize any deterrent effect it might have on police officers. To the extent the award was a victory at all, it was a victory for Plaintiff only and not for the public.

Because all three factors weigh in favor of finding that plaintiff Saunders' victory was *de minimus*, the court will not award Plaintiff the attorney's fees he has sought. Rather, the court finds that $2,500, an amount equaling five times the jury's $500 verdict, is a reasonable fee in this case. In addition, the court finds that Plaintiff's bill of costs is inadequately documented. The court will award costs only after Plaintiff submits an itemized list of expenses and after that list has been approved by the clerk of the court.

## ORDER

It is hereby **ORDERED** that plaintiff Tyrone Saunders' July 2, 2004 motions for attorney fees and for bill of costs are **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that defendant Eugene Rooney's July 9, 2004 motion for judgment is **DENIED**.

It is further **ORDERED** that defendants Eugene Rooney and Joseph Ferraro's July 21, 2004 motion to strike Plaintiff's July 2, 2004 motions for fees and costs is **DENIED**.

John Corbett O'Meara
United States District Judge

Date: February 28, 2005

